Leslie SCHMIDT, Plaintiff-Appellee,

v.

MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILROAD CO., a corporation, Defendant-Appellant.

No. 11882.

United States Court of Appeals Seventh Circuit.

April 3, 1957.

Reginald W. Nelson, Milwaukee, Wis., for appellant.

John Doar, Doar & Knowles, New Richmond, Wis., for plaintiff-appellee.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Leslie Schmidt, plaintiff, and his wife were guest passengers in an automobile split in two by defendant's Diesel locomotive at an intersection of County Trunk "P" and the Soo Line Railroad track within the limits of the sparsely settled village of Almena in rural Barron County, Wisconsin. For the death of his wife and injuries to himself, plaintiff sought damages in a case tried to a jury which returned a special verdict apportioning 60% of the causal negligence against defendant and 40% against plaintiff guest passenger. In response to the questions submitted to it the jury found that at the time of the collision on October 18, 1953, the defendant was negligent as to "giving an adequate warning signal of the approach of its train" and negligent in failing to keep its right-of-way clear of brush and trees as required by Sec. 195.29(6) of the Wisconsin Statutes; that it was also

negligent with respect to the lookout of its employees at the time of approaching the crossing. Leslie Schmidt was found to be negligent with respect to "lookout." Answers returned by the jury show that it determined that the brush and trees along the right of way was not the cause of the accident but other acts of negligence attributable to defendant's employees and plaintiff were the cause of the harms suffered. The question of negligence of the Schmidt car driver was not submitted to the jury. Failure by the district judge to grant defendant's motion for a directed verdict is the error relied on by defendant in this appeal. We refuse to disturb the verdict entered below.

The contested issues framed by defendant in this appeal focus upon two matters: (1) whether there is any evidence to support a finding that railroad employees failed to give adequate warning of the approach of defendant's locomotive and if there is any evidence to support a finding that defendant's employees failed to maintain a proper lookout as the locomotive approached the highway crossing and, (2) even if any negligence regarding "lookout" could be assessed against defendant's employees such negligence, under all of the attending circumstances, had no causal connection with the harm suffered by plaintiff.

We think it unnecessary to recount all of the evidence in detail, indeed if we did it would be incomplete without several aerial photographs which were received in evidence and cut ground from under defendant's position.

The automobile in which plaintiff and his wife were guests was driven north between four and five p. m. on October 18, 1953, on Clinton Street (also known as County Highway P) in Almena, Wisconsin, when it was struck by defendant's locomotive, which was traveling in a westerly direction. It was a clear, sunny day and visibility was excellent. The crossing at which the accident occurred has a single railroad track which is straight in the vicinity of the crossing

and to the east of it, and curves slightly toward the north on the west side of the crossing. The highway was also straight, hard surfaced, and about 22 feet wide. There were two railroad cross-buck signs at the crossing, one on each side of the track, both were visible for a considerable distance south of the crossing.

Plaintiff's evidence was enough to raise an issue of fact for the jury. Webster v. Roth, 1944, 246 Wis. 535, 18 N.W.2d 1; Borden Company v. Minneapolis, St. P. & S. S. R. Co., 1955, 270 Wis. 601, 72 N.W.2d 336. Defendant's reliance on Zenner v. Chicago, St. P. M. & O. R. Co., 1935, 219 Wis. 124, 262 N.W. 581 is misplaced for that was an instance of "peculiar facts" as the Wisconsin Court expressly stated. Zenner is distinguishable from the case before us and also manifests judicial reluctance to upset jury verdicts.

The judgment appealed is affirmed.

Judgment affirmed.